UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARIMAL K. SHAH,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>　　　　　　Defendant. | No.  2:19-cv-01184-KJN<br><br><u>ORDER ON MOTION FOR ATTORNEYS'<br>FEES UNDER THE EAJA</u><br><br>(ECF No. 20) |

Plaintiff commenced this social security action on June 26, 2019.  (ECF No. 1.)[1]  On June 4, 2020, the court granted plaintiff's motion for summary judgment in part, remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and entered judgment for plaintiff.  (ECF Nos. 16, 17.)  Plaintiff now moves for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA").  (ECF No. 20.)  The Commissioner filed an opposition to plaintiff's motion, and plaintiff filed a reply brief.  (ECF Nos. 22, 23.)  For the reasons set forth below, the court grants plaintiff's motion for EAJA fees.

////

////

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15) and both parties voluntarily consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (ECF Nos. 5, 7.)

1   DISCUSSION

2       The EAJA provides, in part, that:

3           Except as otherwise specifically provided by statute, a court shall
            award to a prevailing party other than the United States fees and other
4           expenses, in addition to any costs awarded pursuant to subsection (a),
            incurred by that party in any civil action (other than cases sounding
5           in tort), including proceedings for judicial review of agency action,
            brought by or against the United States in any court having
6           jurisdiction of that action, unless the court finds that the position of
            the United States was substantially justified or that special
7           circumstances make an award unjust.

8           A party seeking an award of fees and other expenses shall, within
            thirty days of final judgment in the action, submit to the court an
9           application for fees and other expenses which shows that the party is
            a prevailing party and is eligible to receive an award under this
10          subsection, and the amount sought, including an itemized statement
            from any attorney or expert witness representing or appearing in
11          behalf of the party stating the actual time expended and the rate at
            which fees and other expenses were computed.  The party shall also
12          allege that the position of the United States was not substantially
            justified.  Whether or not the position of the United States was
13          substantially justified shall be determined on the basis of the record
            (including the record with respect to the action or failure to act by the
14          agency upon which the civil action is based) which is made in the
            civil action for which fees and other expenses are sought.
15
            The court, in its discretion may reduce the amount to be awarded
16          pursuant to this subsection, or deny an award, to the extent that the
            prevailing party during the course of the proceedings engaged in
17          conduct which unduly and unreasonably protracted the final
            resolution of the matter in controversy.
18

19  28 U.S.C. § 2412(d)(1)(A)-(C).

20      Here, the Commissioner does not dispute that plaintiff is a prevailing party, because he

21  successfully obtained a remand for further proceedings under sentence four of

22  42 U.S.C. § 405(g); Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993).  Furthermore, plaintiff's

23  application for EAJA fees is timely, because it was filed within thirty days of final judgment in

24  this action.[2]  Nevertheless, the Commissioner argues that plaintiff is not entitled to an award of

25  _____

    [2]  The term "final judgment" for purposes of the EAJA "means a judgment that is final and not
26  appealable...."  28 U.S.C. § 2412(d)(2)(G).  The court entered judgment for plaintiff on June 4,
    2020.  (ECF No. 17.)  The judgment became a non-appealable "final judgment" 60 days later on
27  August 4, 2020.  See Fed. R. App. P. 4(a)(1)(B) (providing that the notice of appeal may be filed
    by any party within 60 days after entry of the judgment if one of the parties is the United States, a
28  United States agency, or a United States officer or employee sued in an official capacity).

2

fees under the EAJA because the position of the Commissioner was substantially justified.  See
Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995) (holding that claimant is entitled to attorneys'
fees unless the government shows that its position "with respect to the issue on which the court
based its remand was 'substantially justified'").  In the alternative, the Commissioner argues that
plaintiff's fees should be reduced.

Substantial Justification

The burden of establishing substantial justification is on the government.  Gutierrez v.
Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).  In Pierce v. Underwood, 487 U.S. 552 (1988), the
Supreme Court defined "substantial justification" as:

> "justified in substance or in the main" – that is, justified to a degree
> that could satisfy a reasonable person.  That is no different from the
> "reasonable basis in both law and fact" formulation adopted by the
> Ninth Circuit and the vast majority of other Courts of Appeals that
> have addressed this issue.

Id. at 565.  A position does not have to be correct to be substantially justified.  Id. at 566 n.2; see
also Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).  In determining substantial
justification, the court reviews both the underlying governmental action being defended in the
litigation and the positions taken by the government in the litigation itself.  Gutierrez, 274 F.3d at
1259.

The Commissioner's argument that its position in this case was substantially justified is
unpersuasive.  As discussed in detail in the court's prior order,[3] the ALJ failed to provide
germane reasons for discounting plaintiff's PTSD diagnosis at Step Two and similarly failed to
incorporate plaintiff's PTSD or other mental impairments into plaintiff's RFC.  As the court
previously found, "the ALJ's characterization of plaintiff's PTSD appears to be a 'cherry-picking'
of the record—of which courts in the Ninth Circuit have consistently disapproved."  (ECF No. 16
at 6 (citing Hutchinson v. Colvin, 2016 WL 6871887, *4 (W.D. Wash., Nov. 22, 2016) (noting

---

Accordingly, plaintiff was required to file an application for EAJA fees no later than 30 days after
the "final judgment," i.e., by September 3, 2020.  Plaintiff's September 1, 2020 application is
therefore timely.

[3] The court does not repeat its analysis of the substantive issues here, but instead refers the parties
to its June 4, 2020 order.  (See ECF No. 16.)

1    the ALJ's treatment of the evidence at Step Two suggested improper "cherry-picking" to support

2    the ALJ's decision "while failing to address aspects of the record supporting a finding of severe

3    limitations") citing <u>Ghanim v. Colvin</u>, 763 F.3d 1154, 1164 (9th Cir. 2014)).)  Similarly, the court

4    found that the ALJ's inconsistency in observing that no mental health visits were documented

5    since 2011, then directly following that statement noting that plaintiff "started mental health

6    treatment again in 2017" was "inexplicable."  (<u>Id.</u> at 5.)  The court then noted some "glaring

7    issues" in formulating plaintiff's RFC, particularly concerning plaintiff's mental limitations.  (<u>Id.</u>

8    at 7.)  Specifically, the court noted that the ALJ failed to address plaintiff's testimony that his

9    ability to work full-time was limited by his PTSD, and that his doctor corroborated this

10   testimony.  (<u>Id.</u> at 9 (citing C.F.R. § 404.1545).)  The court also found that the ALJ did not

11   sufficiently consider the combined effects of plaintiff's impairments.  (<u>Id.</u> at 10 (citing

12   42 U.S.C. § 423 ("In determining whether an individual's physical or mental impairment or

13   impairments are of a sufficient medical severity that such impairment or impairments could be the

14   basis of eligibility under this section, the Commissioner of Social Security shall consider the

15   combined effect of all of the individual's impairments without regard to whether any such

16   impairment, if considered separately, would be of such severity.").)  Ultimately, the court

17   concluded that the ALJ's failure to include any limitations due to plaintiff's PTSD, and failure to

18   offer a sufficient reason for this omission, constituted error.  (<u>Id.</u>)

19        Although the Commissioner attempts to demonstrate substantial justification by showing

20   how the ALJ *could* potentially have weighed the evidence of plaintiff's PTSD against other

21   record evidence, and what germane reasons the ALJ *could* potentially have used to discount the

22   defendant's PTSD, the fact remains that the ALJ failed to perform such analysis in contravention

23   of well-established Ninth Circuit case law.  As such, the Commissioner's position during the

24   administrative proceedings, and its defense of that position in the litigation before this court, were

25   not substantially justified.  To be sure, there are several ambiguities and inconsistencies in the

26   record evidence, and for that reason, the court declined to remand the case for payment of

27   benefits.  However, it is the ALJ's duty in the first instance to set forth sufficient reasons for the

28   weight given to pertinent evidence, which in turn permits the court to review whether the ALJ's

1  findings are supported by substantial evidence in the record as a whole.  Because the ALJ failed

2  to discharge that duty, remand was warranted.

3  Therefore, having concluded that the Commissioner's position was not substantially

4  justified, and that there are no other special circumstances that would make an award of EAJA

5  fees unjust, the court finds that plaintiff is entitled to an award of fees pursuant to the EAJA.

6  Reasonable Fees

7  The Commissioner additionally argues that the fees plaintiff is requesting are

8  unreasonable.  According to the Commissioner, this conclusion is because counsel is

9  inappropriately billing for clerical tasks and that a reduction is warranted due to time spent on

10  issues not addressed by the court.  (ECF No. 22 at 6-8.).

11  The EAJA directs the court to award a reasonable fee.  28 U.S.C. § 2412(d)(2)(A).  In

12  determining whether a fee is reasonable, the court considers the reasonable hourly rate, the hours

13  expended, and the results obtained.  See Commissioner, INS v. Jean, 496 U.S. 154, 163 (1990);

14  Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir.

15  1998).  "The most useful starting point for determining the amount of a reasonable fee is the

16  number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."

17  Hensley, 461 U.S. at 433.  "Hours that are not properly billed to one's client also are not properly

18  billed to one's adversary pursuant to statutory authority."  Id. at  434 (internal quotation marks

19  omitted).

20  As to clerical duties, the Commissioner is correct that plaintiff cannot seek reimbursement

21  at an attorney rate for purely clerical tasks.  See Neil v. Comm'r of Soc. Sec., 495 F. App'x 845,

22  847 (9th Cir. 2012).  However, in his reply, plaintiff agrees to reduce the 3.95 hours that the

23  Commissioner challenges by 1 hour.  (ECF No. 23-1 at 2.)  Having reviewed the challenged bills

24  the court agrees that this reduction is appropriate.  Although some of the challenged entries

25  include arguably clerical tasks, they also include work typically attributable to an attorney.  For

26  example, it appears the Commissioner challenges nearly every entry that begins with the verb

27  "receipt" because those entries are solely "related to downloading documents from ECF."  (ECF

28  No. 22 at 7.)  However, these challenged entries also include "review" of substantive documents,

5

1  including this court's order on the parties cross-motions for summary judgment, the appeals

2  council's decision, and this court's scheduling order (ECF No. 20-1, entries dated 6/4/2019,

3  6/4/2020, 6/26/2019) and counsel's correspondence with her client, (id., entries dated 6/4/2019,

4  6/26/2019).  An attorney's review of the order that was dispositive to the parties' cross-motions

5  for summary judgment and correspondence with her client is not clerical in nature, and the

6  inclusion of the term "receipt" before the term "review" or "correspondence" does not change this

7  analysis.

8        The Commissioner additionally challenges entries for completing and filing the complaint,

9  serving process, and amending plaintiff's motion for summary judgment, as well as entries it

10  alleges are insufficiently detailed.  Having reviewed these entries, the court finds that plaintiff's

11  proposed reduction by one hour sufficiently contemplates the reduction for the clerical work of

12  completing and filing the complaint and serving process, as well as the alleged incomplete

13  entries.[4]  See Kirk v. Berryhill, 244 F. Supp. 3d 1077, 1084 (E.D. Cal. 2017) (finding that

14  counsel's proposed "haircut" by 1.5 hours for time billed filing a complaint, drafting service

15  documents, and similar tasks to be reasonable because "counsel would necessarily spend time

16  reviewing such documents before their submission").

17        The Commissioner further asserts that a reduction is warranted for time spent on issues

18  not addressed by the court's order.  (ECF No. 22 at 7-8.)  If a plaintiff achieves only "partial or

19  limited success, the product of hours reasonably expended on the litigation as a whole times a

20  reasonable hourly rate may be an excessive amount."  Hensley, 461 U.S. at 436.  In such cases of

21  "partial or limited success" the court is to follow a two-pronged test.  Ibrahim v. U.S. Dep't of

22  Homeland Sec., 912 F.3d 1147, 1172 (9th Cir.) (en banc).  The court first asks "'did the plaintiff

23  fail to prevail on claims that were unrelated to the claims on which he succeeded?'"  Id. (quoting

24  Hensley, 461 U.S. at 434).  "This inquiry rests on whether the 'related claims involve a common

25  core of facts or are based on related legal theories.'"  Id. (quoting Webb v. Sloan, 330 F.3d 1158,

26

27  ———————————

    [4] The court does not consider reviewing, analyzing, and amending plaintiff's motion for summary
    judgment to be clerical.

28

1168 (9th Cir. 2003)).  Second, the court is to ask "whether 'the plaintiff achieve[d] a level of

success that makes the hours reasonably expended a satisfactory basis for making a fee award?'"

Id. (quoting Hensley, 461 U.S. at 434).  "If the court concludes the prevailing party achieved

'excellent results,' it may permit a full fee award—that is, the entirety of those hours reasonably

expended on both the prevailing and unsuccessful but related claims."  Id.

Here, plaintiff raised two points of error:  the ALJ's finding that plaintiff's PTSD was not

severe at Step Two and the ALJ's RFC formulation.  The court reversed and remanded on both

points, finding that the ALJ erred in considering plaintiff's PTSD non-severe and erred in failing

to properly consider that condition in formulating plaintiff's RFC.  (See ECF No. 16 at 6

("Further, while the ALJ discussed plaintiff's PTSD when formulating the RFC, there are errors

in that analysis (discussed below) that preclude a 'harmless' designation at Step Two.").)  This is

necessarily the case because, as the court noted, "[a]ny failure to classify an impairment at Step

Two [is] harmless if the ALJ considered the impairment when assessing the RFC."  (Id. (quoting

Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007).)  Therefore, the Commissioner's request to

entirely cut the 8.8 hours counsel devoted to preparing the RFC portion of plaintiff's motion for

summary judgment, because that argument was not addressed by the court, is not supported by

the record.

It appears that the Commissioner is asserting that time expended in arguing  plaintiff's

non-PTSD conditions should be reduced.  This court noted that it would "not explicitly rule on

plaintiff's other contentions (regarding plaintiff's other physical conditions, and the ALJ's

analysis of plaintiff's symptom testimony and the medical opinions and evidence thereof)."  (ECF

No. 16 at 10.)  However, the undersigned continued that the "analysis concerning plaintiff's other

physical impairments appears well-reasoned," and that the ALJ has discretion "as to how much

additional analysis will be required on these issues."  (Id.)  While the court opined on this analysis

by the ALJ, it explicitly *did not* rule on plaintiff's arguments concerning his physical

impairments.  As the Ninth Circuit has held, "when a district court awards complete relief on one

claim, rendering it unnecessary to reach alternative claims, the alternative claims cannot be

deemed unsuccessful for the purpose of calculating a fee award."  Ibrahim, 912 F.3d at 1166.

1  Plaintiff was awarded relief  by the court remanding this matter.  Therefore, the Commissioner's
2  position cannot be sustained.

3      Additionally, application of the two-pronged <u>Hensley</u> test demonstrates that plaintiff is
4  entitled to the requested fee award.  First, plaintiff's claims of physical impairments and PTSD
5  share a common set of facts and similar legal analysis.  As the court previously noted, part of the
6  rationale for the court reversing was due to the relationship between plaintiff's coronary artery
7  disease and his PTSD.  (ECF No. 16 at 9-10.)  The only other physical impairment that the
8  Commissioner could be taking issue with is plaintiff's lumbar impairments.  However, as plaintiff
9  notes, the ALJ's failure to explain which of plaintiff's symptoms were inconsistent with
10  plaintiff's daily activities and plaintiff's "conservative treatment" is what necessitated the
11  inclusion of plaintiff's lumbar impairments.  This necessarily involves a related legal theory and
12  similar facts.

13      As to the second prong, the court finds that plaintiff has achieved a sufficient level of
14  success to make the hours expended the basis of a reasonable award.  Plaintiff's claim was
15  remanded following counsel's diligent work.  This is a sufficient level of success in a Social
16  Security case.  While counsel expended a considerable amount of time, 61.28 hours, there were
17  over 2,000 pages of medical records to review, and plaintiff filed a substantive motion for
18  summary judgment and a reply.

19      Accordingly, after an independent review of the time entries, the court finds the amount of
20  time spent by plaintiff's counsel to be reasonable and properly supported by the time records.
21  Furthermore, in light of the fact that plaintiff obtained a favorable judgment remanding the case
22  for further administrative proceedings, the amount of fees sought is consistent with the result
23  obtained.

24      Therefore, the court will award plaintiff EAJA attorneys' fees in the full amount of
25  $12,615.01.[5]  The court notes that plaintiff has executed an assignment of EAJA fees to plaintiff's
26
27  [5] This includes counsel's review of the Commissioner's opposition to the present motion, plaintiff's reply, and the aforementioned one hour reduction.  The court notes that the Commissioner has not requested to file a sur-reply, and the court finds that the time expended
28  replying to the Commissioner's opposition to be reasonable.  See <u>Garcia v. Colvin</u>, 2013 WL

counsel.  (ECF No. 20-1.)  However, the EAJA award must be made by this court to plaintiff, and not to counsel.  See Astrue v. Ratliffe, 130 S. Ct. 2521 (2010).  Nevertheless, if the government determines that plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of plaintiff's attorney.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorneys' fees under the EAJA (ECF No. 20) is GRANTED.

2. Plaintiff is awarded attorneys' fees in the total amount of $12,615.01 pursuant to the EAJA.  If the government determines that plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of plaintiff's attorney.

Dated:  October 5, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1184.eaja

---

5347494, at *6 (E.D. Cal. Sept. 23, 2013) (finding "no reason to reduce the time expended by Plaintiff's counsel in reviewing the Commissioner's opposition and drafting a reply brief" under similar circumstances).